IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

A TO Z MUNI-DOT, A DIVISION OF
HOWARD INDUSTRIES, INC.                                                    PLAINTIFF

V.                                                 CIVIL ACTION NO. 2:13-CV-28-KS-MTP

MARTELL ELECTRIC, LLC, et al.                                         DEFENDANTS

<u>ORDER</u>

Defendant Martell Electric, LLC filed a Motion to Transfer Venue [18] of this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Court **denies** the motion.

Martell has the burden of showing "good cause" for a transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of the parties and witnesses, in the interest of justice." *Id.*

Section 1404(a) provides, in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Thus, the preliminary question posed by Section 1404(a) is "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d at 312. The phrase "where it might have been brought" refers to the plaintiff's initial complaint, rather than the case at the time of the proposed transfer. *Hoffman*

*v. Blaski*, 363 U.S. 335, 342-43, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); *see also Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1246 (5th Cir. 1983) ("Following the plain words of this statute, the Supreme Court has prohibited transfers to alternative federal forums unless the suit 'might have been brought' there at the time the plaintiff filed his original suit."). Therefore, Martell must first demonstrate that this case could have originally been brought in the Western District of Michigan.

Section 1391 provides that a diversity action like this one may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject is situated . . . ." 28 U.S.C. § 1391(b). Martell's briefing focuses almost exclusively on facts alleged in its own counterclaims and defenses – which are irrelevant to the question of whether this case might have been brought in the Western District of Michigan. *Hoffman*, 363 U.S. at 342-43; *Veba-Chemie*, 711 F.2d at 1246. Martell has not argued or presented any legal authority demonstrating that a "substantial part of the events . . . giving rise to the claim[s]," as alleged in the Complaint, occurred in the Western District of Michigan. 28 U.S.C. § 1391(b).

Indeed, Plaintiff filed this case as a breach of contract/open account matter arising from a sale contract executed by the parties in Ellisville, Mississippi. Martell allegedly breached the agreement by failing to remit payment to Plaintiff in Mississippi. Documents attached to the Complaint show that the goods were delivered to Michigan, but Martell has not offered any argument or authority that this is sufficient to meet Section 1391(b)'s "substantial part" standard.

For these reasons, the Court **denies** Defendant Martell Electric, LLC's Motion

to Transfer Venue [18].

SO ORDERED AND ADJUDGED this 24th day of September, 2013.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE